{¶ 22} Because I disagree with both the majority's interpretation of R.C. 4511.251, and its conclusion regarding the evidence in this case, I respectfully dissent.
 {¶ 23} Initially, I do not believe the phrase "from a point side by side" in the definition of street racing means that the participants in a street race must have started from a position side by side, with the competitors attempting to outdistance each other from that fixed point. Rather, I believe the elements of the offense of street racing may also be satisfied by a showing that the competitors, although not starting out side by side, reached a point during the course of their travel at which they were side by side. I believe this is demonstrated by the language set forth in R.C. 4511.251 describing the two ways by which a prima facie case of street racing may be satisfied. One of these ways specifically requires a common starting point, but the other requires only that the participating vehicles be operated in excess of the established lawful speed limit, making it clear that the point at which the vehicles are side by side may occur some time after the start of the race. Had the General Assembly intended the words "from a point side by side" to mean that the vehicles must always have started side by side, it would have specifically stated so in the definition of the offense, rather than in only one of the two statutory prima facie cases.
 {¶ 24} The majority concludes that even though the state made a prima facie case of street racing under the statute, appellant's conviction must nevertheless fail because the state failed to put on evidence of the element "from a point side by side," which is contained in the offense itself, but not specifically contained in the statutory prima facie case. The effect of this construction is that the prima facie case described in the statute *Page 11 
cannot be a true prima facie case. By definition, when a party to an action has established a prima facie case, that party is entitled to judgment in its favor, without any further proof. See Black's Law Dictionary (8 Ed. Rev. 2004). Thus, I cannot agree with a construction of the statute that would hold that the state can make a prima facie case as described in the statute, but cannot obtain a conviction without additional proof.
 {¶ 25} Nor do I agree with the majority's essential (but largely unspoken) conclusion that the only way the state can establish the elements of street racing is by establishing the prima facie case set forth in R.C. 4511.251. In its decision overruling the objections to the magistrate's decision, the trial court specifically found that the evidence established that appellant and Gilbert were not exceeding the prima facie lawful speed limit. This finding that neither appellant nor Gilbert were speeding would require the finding that neither of the two statutory prima facie cases were established. However, I do not believe the failure to establish either of the prima facie cases is fatal to the state's case, because the state can establish the elements of the offense of street racing without establishing the prima facie case.
 {¶ 26} Officer Cook testified that he first became aware of the two vehicles because he could hear the two engines racing as they approached the position where he was parked. Officer Cook stated that in his experience, that type of racing engine noise has been associated with incidents of street racing or reckless operation. He also testified that when he first saw the vehicles, they were in adjacent lanes, and separated by one car length. He further testified that as the vehicles passed his position, they both nose-dived, an indication that the vehicles were slowing rapidly, and that he could see the brake lights on each vehicle. Viewed in a light most favorable to the state, this evidence *Page 12 
was sufficient to create a reasonable inference that the two vehicles were involved in a competitive attempt to outdistance each other.
 {¶ 27} I believe the truly problematic part of this case is the evidence regarding whether the two drivers were side by side at any point either at the beginning or during the race. I agree with the majority's conclusion that the state was not required to establish that the two vehicles were literally neck and neck in order to establish the "side by side" element of the offense of street racing. The only evidence cited by the majority on this point is Officer Cook's testimony that Gilbert's vehicle was one car length ahead of appellant's vehicle when he saw them. No clarification of this testimony was sought, and it is unclear whether "one car length" meant that there was one car length of space between the rear of Gilbert's vehicle and the front of appellant's vehicle, or whether "one car length" meant the rear edge of Gilbert's vehicle was even with the front edge of appellant's vehicle.
 {¶ 28} However, this is not the only evidence regarding this point in the record. Appellant and Gilbert each testified that when they initially left the area in which they had been parked, appellant's vehicle was in the lead with Gilbert's vehicle trailing. Officer Cook testified that when he saw the two vehicles, Gilbert's vehicle was leading, and appellant's vehicle was trailing. Assuming this testimony is true, Gilbert's vehicle passed appellant's vehicle at some point after they started driving. The two vehicles therefore had to have been side by side at some point. Appellant testified that his vehicle was in the lead the entire time, and that Gilbert only passed him after Officer Cook pulled out and turned on his flashing lights, but the trial court apparently rejected this testimony, as it specifically concluded that the two defendants were not credible. *Page 13 
 {¶ 29} Thus, I believe the evidence offered, viewed in a light most favorable to the state, was sufficient to support the trial court's determination that appellant was engaged in street racing in violation of R.C. 4511.251. I also cannot conclude that the evidence offered by appellant and Gilbert that they were not street racing so clearly outweighs the evidence submitted by the state such that the trial court's decision must be reversed on manifest weight grounds, particularly given the trial court's superior position to evaluate the credibility of the witnesses.
 {¶ 30} Consequently, I would affirm the decision of the trial court convicting appellant of engaging in street racing. Therefore, I respectfully dissent. *Page 1